GREGORY, Circuit Judge,
dissenting:
After combating illness and a stroke, Michael Turner attempted to return to work at GBMC, where he had been an outstanding and devoted employee for more than twenty years. Although his doctor cleared him to return to work, and although GBMC’s doctor cleared him to work -with some limitations, GBMC refused to give Turner his job back and repeatedly denied him a new one. Instead, it fired him. Since his termination, Turner has volunteered more than 1,100 hours at GBMC and sought dozens of paying jobs there. GBMC has steadfastly refused to rehire him. The EEOC alleged that GBMC’s actions violated the ADA. The district court, however, granted summary judgment against the EEOC on the ground that Turner’s application for and receipt of SSDI benefits precluded the EEOC from bringing its enforcement action under the ADA. Because I believe that ruling was erroneous and a jury should be able to weigh whether the EEOC proved the elements of its case, I respectfully dissent.
I.
The district court erred in holding that an EEOC enforcement action can be barred under Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999), by a charging party’s assertion that he is disabled for the purposes of the Social Security Act. As discussed at length in the majority opinion, Cleveland addressed the apparent inconsistency between an individual’s “context-related legal conclusion, namely, T am disabled for the purposes of the Social Security Act,’ ” and that same individual’s ADA suit asserting an ability to work. 526 U.S. at 802, 119 S.Ct. 1597. Recognizing that an “SSDI claim and an ADA claim can comfortably exist side by side,” the Court rejected the adoption of a rebuttable presumption of estoppel in such cases. Id. at 802-03,119 S.Ct. 1597. Instead, the Court held that the individual “must proffer a sufficient explanation” for the inconsisten *78 cy. Id. at 806, 119 S.Ct. 1597. A central premise underlying the Court’s decision is that it was the same party who took seemingly contrary legal positions in the SSDI application and the ADA lawsuit.
This case, in contrast, involves two different parties’ context-related legal representations — Turner’s assertion in the proceedings before the SSA and the EEOC’s assertion in this action. While it is true that the EEOC is seeking relief on Turner’s behalf, it cannot be said that the EEOC made a prior inconsistent statement in Turner’s SSDI application. Its action should not be barred through the happenstance of an unemployed victim having applied for and received SSDI benefits. Moreover, the Supreme Court has repeatedly recognized that “the EEOC is not merely a proxy” for the individuals for whom it seeks relief. Gen. Tel. of the NW v. EEOC, 446 U.S. 318, 326, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). Rather, the Court has observed, “[w]hen the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination.” General Telephone, 446 U.S. at 326, 100 S.Ct. 1698.
Barring EEOC enforcement actions based on a charging party’s legal assertions of disability in SSA proceedings is not only contrary to a long line of Supreme Court cases refusing to apply estoppel against the government, it is also contrary to public policy. The EEOC’s enforcement actions typically seek not only victim-specific relief but also injunctive relief such as training, posting of notices, and reporting requirements. As discussed above, these enforcement actions not only benefit the individuals on whose behalf the agency sues, but also benefit the public, which has an interest in the eradication of employment discrimination.
Finally, it cannot be said that allowing EEOC enforcement actions to proceed despite a charging party’s representations of disability before the SSA confers an “unfair advantage” on the EEOC or an “unfair detriment” on employers such as GBMC who have not paid the disability benefits. New Hampshire v. Maine, 532 U.S. 742, 751, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (stating that a consideration in whether to apply judicial estoppel is “whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party”).
In sum, because Cleveland applied where the same party took potentially conflicting legal positions and because the EEOC is not a proxy for Turner but instead serves to benefit the public’s interest in the eradication of employment discrimination, I would hold that an EEOC’s lawsuit under the ADA cannot be barred by a charging party’s representations of disability to the SSA.
II.
Even assuming arguendo that an EEOC action can be barred under Cleveland on the same terms as that of a private party, the court still erred in granting summary judgment. Contrary to the district court’s conclusion, there are a number of ways a reasonable jury could reconcile Turner’s SSDI statements and continued receipt of benefits with the EEOC’s ADA claim, as required by Cleveland, to overcome summary judgment. For example, a jury could find that Turner had a good-faith belief in his SSDI assertion of disability because that is how GBMC treated him when it refused to give him his job back or to hire him for a new position despite his dozens of applications and superb work history. Turner’s good-faith belief that he was still disabled for the SSA’s purposes *79 can be reconciled with the EEOC’s lawsuit asserting that Turner was qualified under the ADA. Accordingly, the grant of summary judgment should be reversed, and the case should be remanded for trial.
III.
For the reasons set forth above I respectfully dissent.